# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KENDRICK STORY,
ADC #109934                                                                                                    PLAINTIFF

5:19CV00155-DPM-JTK

WALKER, et al.                                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.      Introduction**

Plaintiff Kendrick Story is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement. (Doc. No. 2)

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts on the issue of exhaustion, filed by Defendants Walker and Cole (Doc. Nos. 20-22), to which Plaintiff responded (Doc. Nos. 23-25).

**II.     Facts**

In his Complaint, Plaintiff alleged his cell flooded on February 22, 2019, and he was forced to stay in that cell for six hours with urine and human waste on the floor. (Doc. No. 2, p. 6) In addition, he claimed both Defendants refused to move him to a cell with running water and a functional toilet and that he was not given any water or bathroom breaks from February 22, 2019

until February 24, 2019. (Id.) Plaintiff claimed he also was required to eat his meals and sleep in his cell during this time with harmful smells which made him sick for several days. (Id., p. 7)

### III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue in Defendants' Motion is whether Plaintiff exhausted his administrative remedies as to the claim that he was forced to live in his cell without water and a functional toilet for three days, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 20-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants present the Declaration of Shirley Lowe, Grievance Coordinator, who states that the grievance process consists of an informal resolution, a formal grievance, and a grievance appeal to the Assistant

and/or Deputy Director. (Doc. No. 20-4, p.2)   In addition, the policy requires that grievants must "write a brief statement that is specific as to the substances of the issue or complaint to include date, place, personnel involved or witnesses,..." and that inmates must exhaust administrative remedies as to all defendants at all levels of the grievance process prior to filing a § 1983 lawsuit. (Id.) According to Lowe, Plaintiff's grievance records indicate that he filed grievance CU-19-00200, which alleged that ADC left him in his cell on February 22, 2019 for six hours with urine and human waste on the floor. (Id., p. 3) However, the initial grievance did not mention the three-day denial of drinking water, running water and access to a toilet, and Plaintiff added that claim when he appealed the Warden's decision. (Id.) Lowe also stated that ADC grievance procedure prohibits raising new claims on appeal and that the Deputy Director did not address this additional claim on appeal. (Id.)

Based on this Declaration and the grievance Plaintiff submitted, Defendants state that the claim that he was denied water and toilet facilities for three days should be dismissed, for failure to exhaust.

In response, Plaintiff notes that he raised the issue of not being able to use the bathroom and drink any water in the body of his initial grievance, and in his response, the Warden admitted that the water was turned off to his cell until the problem was fixed. Plaintiff also submits order forms which show that the water was turned off to his cell from February 22, 2019 until February 24, 2019. (Doc. No. 25, pp. 4-5)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."

5

Porter, 548 U.S. at 90-91.

Plaintiff submitted the informal grievance on February 22, 2019, which included his allegations against Defendants Walker and Cole that they required him to stay in the cell with human waste on that same day for several hours. (Doc. No. 25, p. 6) Plaintiff also stated in that grievance, "I have not been able to use the bathroom all day and I've not been able to drink any water which is also cruel and unusaul (sic) punishment we have not been giveing (sic) any chances to use the bathroom or get anything today." (Id.) This same grievance was resubmitted as a formal grievance on February 25, 2019. (Id.) The Warden responded that a blockage in the main drain caused the flooding and that water was shut off until maintenance could locate the flooding. (Id., p. 7) In his appeal, Plaintiff disagreed with the Warden's decision and further stated that "I went for (3) three days without using the bathroom my cell had no running water this is also a violation of my 8th Amendment for cruel and unusual punishment." (Id., p. 8) In addressing the appeal, the Assistant Director stated that he concurred with the Warden's decision. (Id.)

The PLRA exhaustion requirement was enacted to "reduce the quantity and improve the quality of prisoner suits," by "afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524, 525 (2002). The Court finds that Plaintiff's grievance adequately afforded Defendants and ADC officials notice of the incident and the complaint, because both at the time of the informal grievance, and at the time of the formal grievance **three days later**, Plaintiff included the fact that he was not able to drink any water or use the toilet in his cell. Although Defendants claim that the grievance process forbids the addition of claims on appeal, the added "three day" language/allegation was never specifically addressed or rejected by ADC officials. Therefore, the

6

Court finds that Plaintiff's allegations against Defendants were sufficiently exhausted and that Defendants' Motion should be denied.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment on Exhaustion (Doc. No. 20) be DENIED.

IT IS SO RECOMMENDED this 4th day of October, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE